FILED
2020 Mar-10 PM 12:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEBORAH LUMPKIN, et al.,** } | |
| } | |
| Counterclaim Plaintiffs, } | |
| } | |
| v. } | Case No.: 2:19-cv-01299-RDP |
| } | |
| **DEUTSCHE BANK NATIONAL TRUST** } | |
| **CO., et al.,** } | |
| } | |
| Counterclaim Defendants. | |

## **MEMORANDUM OPINION**

This case is before the court on three pending Motions: Lumpkin and Russell's[1] Motion to Remand (Doc. # 7), and Ocwen and Deutsche's Amended Motion to Realign the Parties (Docs. # 21) and Motion to Dismiss (Doc. # 1-2 at 59). Lumpkin and Russell's Motion to Remand is fully briefed (Docs. # 7, 19, 20), and Ocwen and Deutsche's Amended Motion to Realign the Parties is also fully briefed (Docs. # 21, 26, 27). Lumpkin and Russell have not responded to Ocwen and Deutsche's Motion to Dismiss. For the reasons discussed below, Ocwen and Deutsche's Motion to Realign (Doc. # 21) is due to be denied, and Lumpkin and Russell's Motion to Remand (Doc. # 7) is due to be granted. Because the court the court has determined this case is due to be remanded, the court does not reach Ocwen and Deutsche's Motion to Dismiss (Doc. # 1-2 at 59).

---

[1] In *Home Depot U.S.A., Inc., v. Jackson*, the Supreme Court "used the term 'third-party counterclaim defendant' to refer to a party first brought into the case [by a defendant] as an additional defendant to a counterclaim asserted [by that defendant] against the original plaintiff." 139 S. Ct. 1743, 1747 n.1 (2019). The dissent in *Home Depot* referred to such parties as "third-party defendants." *Id.* at 1760. Here, Ocwen and Deutsche are third-party counterclaim defendants who were brought into the action by Lumpkin and Russell's counterclaim against CR 2018. So, Lumpkin and Russell are original defendants, counterclaim plaintiffs, and third-party counterclaim plaintiffs. To avoid confusion, the court refers to the parties by name.

**I. Background**

This case has a complicated history, and as a result, a unique procedural posture. On November 27, 2018, CR 2018, LLC filed a Complaint for Ejectment against Ruth Escott, Wedzell Escott, Deborah Lumpkin, and unknown occupants. (Doc. # 1-1). The complaint was filed in the Circuit Court of Jefferson County, Alabama. (*Id.*). On March 20, 2018, CR 2018 filed an amended complaint against Deborah Escott Lumpkin and Sundra Escott Russell[2] as Defendants.[3] (Doc. # 1-1 at 27). In the Amended Complaint, CR 2018 sought to establish its title and right to possession of real property it purchased from Deutsche Bank.[4] (*Id.*). The amended complaint specifically alleges that the property was sold to Deutsche Bank at a foreclosure sale, and that CR 2018 subsequently acquired its interest in the property from Deutsche Bank by quitclaim deed. (*Id*. 1-1 at 24-25).

On May 14, 2019, Deborah Lumpkin and Sundra Russell filed an Answer and Amended Counterclaim against CR 218, and also asserted claims against two new parties: (1) Ocwen Loan Servicing ("Ocwen"); and (2) Deutsche Bank National Trust Company ("Deutsche"). (Doc. # 1-1 at 56). Their "counterclaim" (which actually appears to be a counterclaim against Plaintiff CR 2018, and third-party counterclaims against Ocwen and Deutsche) is premised on the alleged improper servicing and foreclosure of a mortgage loan, executed by Ruth Escott and Wedzell Escott. (*Id.*). The counterclaim contains ten numbered allegations, including: (1) unjust enrichment; (2) wrongful foreclosure; (3) slander of title; (4) breach of contract; (5) false light; (6)

---

[2] Sundra Russell was also identified as Sandra Escott Russell. (Doc. # 1-1 at 27). For clarity, the court will refer to her as Sundra Russell, which is how she was identified in the original complaint.

[3] Prior to CR 2018's filing of its Amended Complaint, Sundra Russell and Deborah Lumpkin filed a Suggestion of Death of Ruth Escott and Wedzell Escott. (Doc. # 1-1 at 21-22).

[4] The property at issue is located at 1504 Hibernian Street, Birmingham, Alabama. (Doc. # 1-1).

2

defamation/libel/slander; (7) violation of the Fair Debt Collection Practices Act, under 15 U.S.C. § 1692; (8) violations of the Fair Credit Reporting Act 15 U.S.C. § 1681; (9) declaratory relief; and (10) quiet title.[5] (Doc. # 1-1 at 60-77). Only three counts (slander of title, declaratory relief, and quiet title) were asserted against the original Plaintiff, CR 2018. (*Id*.). All counts are alleged against Ocwen and Deutsche Bank.

On June 7, 2019, CR 2018 filed a Motion to Dismiss. (Doc. # 1-2 at 2). In its Motion, CR 2018 asserted that it was no longer the owner of the property at issue. (*Id.*). On July 11, 2019, the state court granted CR 2018's Motion, and entered an order dismissing with prejudice "all claims by, and all counterclaims against, CR 2018." (Doc. # 1-2 at 56). Thus, the only remaining claims in the state court action were the claims asserted by Lumpkin and Russell against Ocwen and Deutsche Bank. (*Id.*). A copy of the dismissal order was served on Ocwen's registered service agent via U.S. Mail, on July 16, 2019.[6] (Doc. # 1 at ¶ 14). In response, Ocwen and Deutsche filed a Motion to Dismiss in the state court action. On the same day, Ocwen and Deutsche filed a Notice of Removal to this court, asserting both federal question jurisdiction and diversity jurisdiction. (*Id.* at ¶¶ 19-41). ) On August 19, 2019, Lumpkin and Russell filed a Motion to Remand (Doc. # 7). On September 16, 2019, Deutsche Bank and Ocwen filed a Motion to Realign Parties (Doc. # 21). The Motions (Docs. # 7, 21) are fully briefed and ripe for review.

II. Analysis

Lumpkin and Russell maintain that this case is due remanded because only "original defendants" can remove under 28 U.S.C. § 1441(a). *Home Depot U.S.A., Inc., v. Jackson*, 139 S.

---

[5] The Counterclaim also appears to advance claims arising under the Real Estate Settlement Procedures Act and the Truth in Lending Act. (Doc. # 1-1 at 60-61). However, these claims are not alleged in separate counts and the pleading of these claims does not comply with this circuit's pleading standards. (*Id.*).

[6] Deutsche did not receive a copy of the dismissal order because it was sent to an outdated address. (Doc. # 19 at 5).

Ct. 1743, 1750 (2019); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). To avoid remand, and apparently to circumnavigate the Supreme Court's holding in *Home Depot*, Ocwen and Deutsche have filed a Motion to Realign the Parties. (Docs. # 21, 21-1). In the Motion, Ocwen and Deutsche contend that realignment "is needed to accurately reflect the current adverse posture of the parties, given that all claims by and against the original plaintiff have been dismissed with prejudice, and the only outstanding claims are those with the '[c]ounterclaim' filed by [Lumpkin and Russell] and asserted against [Ocwen and Deutsche]." (Doc. # 21-1 at 4). Because Ocwen and Deutsche contend that the outcome of the Motion to Remand is necessarily dependent on outcome of their Motion to Realign, which seeks to realign Ocwen and Deutsche as "original defendants" for purposes of §1441(a)), the court begins its analysis by discussing the Motion to Realign.

### A. Motion to Realign

"The general removal statute, 28 U.S.C. § 1441(a), provides that 'any civil action' over which a federal court would have original jurisdiction may be removed to federal court by 'the defendant or the defendants.'" *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745 (2019). Ocwen and Deutsche invoke the procedural device of realignment in an attempt to shed their current designation as counterclaim defendants.

As the removing party invoking federal jurisdiction, Ocwen and Deutsche bear the burden of showing that removal jurisdiction is proper. *See, e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2010) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). All doubts must be resolved in favor of remand. *See, e.g., University*

*of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

In support of realignment, Ocwen and Deutsche cite *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d at 1310. In *Vestavia Hills*, the municipality of Vestavia Hills won a judgment in state court against Cameron Development Corporation ("Cameron"). *Id.* at 1312. Subsequently, Vestavia Hills filed a complaint under Alabama Code § 27-23-2 seeking to collect a judgment from Cameron's insurer, General Fidelity Insurance Company ("General Fidelity"). *Id.* The complaint named both General Fidelity and Cameron as defendants. General Fidelity removed the case to the Northern District of Alabama. *Id*. Vestavia Hills moved to remand the case for lack of complete diversity, as both Vestavia Hills and Cameron are citizens of Alabama. *Id*. However, this court realigned Cameron as a plaintiff "because Vestavia Hill's and Cameron's interests converged against General Fidelity, as both Vestavia Hills and Cameron want[ed] to force General Fidelity to provide coverage." *Id*.

Vestavia Hills sought an interlocutory appeal of the realignment and this court certified to the Eleventh Circuit this question: "whether a district court may . . . exercise its discretion to realign the parties based upon their actual interests." *Id*. After reviewing the complaint, the Eleventh Circuit determined "it is clear that Vestavia did not seek any relief from Cameron" and "[t]here [is] no longer[ ]any dispute between Vestavia Hills and Cameron, and the only thing that Cameron could want out of this case is for Vestavia Hills to win." *Id.*at 1314. As such, the Eleventh Circuit concluded the district court did not err in realigning Cameron as a plaintiff and refusing to remand the action to state court. *Id.*

5

Following the Eleventh Circuit's decision in *Vestavia Hills,* multiple federal courts in the Eleventh Circuit have similarly determined that insureds named as nominal defendants in actions brought by judgment creditors pursuant to Alabama Code § 27-23-2 should be realigned for purposes of removal. *See, e.g., Chappell v. Texas Steakhouse of Ala., Inc.*, No. 16-cv-140-MHT-GMB, 2016 WL 3456936 (M.D. Ala. May 26, 2016); *Robinson v. Hudson Specialty Ins. Grp.,*No. 13-114-KD-M, 2013 WL 245701 (S.D. Ala. June 5, 2013); *Porter v. Crumpton & Ass'n, LLC* 862 F. Supp. 2d 1303 (M.D. Ala. May 29, 2012); *Cromwell v. Admiral Ins. Co*., No. 11-0155-CG-N, 2011 WL 2670098 (S.D. Ala. June 21, 2011).

Ocwen and Deutsche suggest that *Vestavia Hills* is not limited to the insurance litigation context. Although the court generally agrees with this point, *Vestavia Hills* is of no help to them here. First, the instant case is factually distinguishable. Second, such an interpretation of *Vestavia Hills* would, at best, be an end run around *Home Depot.*

This case, unlike *Vestavia Hills*, does not feature a plaintiff and defendant whose interests are undisputedly aligned. Rather, the underlying allegations here involve an ejectment action, with the defendant in that action asserting counterclaims related to the alleged improper servicing and foreclosure of a mortgage loan. The interests of Ocwen and Deutsche are diametrically opposed to those of Lumpkin and Russell. Ocwen and Deutsche do not cite, and the court is not aware of, any authority that allows a *Vestavia Hills*-type realignment in this context.

Further, Ocwen and Deutsche's attempt to seek realignment fails for another reason. Unlike *Vestavia Hills*, the propriety of removal jurisdiction does not turn on the absence or presence of diversity jurisdiction. The parties are already diverse. Lumpkin and Russell are citizens of Alabama. (Doc. # 1 at ¶ 26). Ocwen is a citizen of both Delaware and Florida, and Deutsche is a citizen of California. (*Id*. at ¶¶ 27, 28). And, in any event, some of the counterclaims are based on

federal law. Thus, the proposed realignment by Ocwen and Deutsche is unnecessary to establish subject matter jurisdiction. Rather, the counterclaim defendants seek realignment to change the character of their status as parties.

### B. Motion to Remand

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." Federal courts are courts of limited jurisdiction and "because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted). Even so, cases that originally could have been filed in federal court may invoke this court's jurisdiction through removal from a state court proceeding. *E.g., Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994).

As noted above, the true aim of Ocwen and Deutsche in seeking realignment is not to establish diversity jurisdiction, but to recharacterize their status in this case. They desire to be recast as "defendants," not counterclaim defendants, for purposes of § 1441(a). And, in seeking to do so, there is little question that they are attempting to use the procedural tool of realignment to help them circumnavigate *Home Depot's* plain holding that 28 U.S.C. §1441(a) "'does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by [a] counterclaim."[7] *Bettis v. RoundPoint Mortgage Co.*, No. 19-0699-WS-N, 2019 WL

---

[7] In *Home Depot*, the underlying district court action, Home Depot filed a Motion to realign the parties. *Citibank, N.A. v. Jackson*, No. 3:16-CV-00712-GCM, 2017 WL 1091367, at *3 (W.D.N.C. Mar. 21, 2017), *aff'd sub nom. Jackson v. Home Depot U.S.A., Inc.*, 880 F.3d 165 (4th Cir. 2018), *aff'd,* 139 S. Ct. 1743 (2019). The district court

7

6324537, at * 1 (S.D. Ala. Nov. 26 2019) (citing *Home Depot*, 139 S. Ct. at 1748). That attempt fails.

In *Home Depot*, Citibank filed a debt-collection action in state court against Jackson. 139 S. Ct. at 1747. Citibank alleged that Jackson was liable for charges on a Home Depot credit card. *Id.* Jackson responded and filed third-party class-action state law counterclaims against Citibank, Home Depot, and Carolina Water Systems. *Id.* Home Depot removed the case to federal court. Jackson filed a motion remand, arguing that the Supreme Court's decision in *Shamrock Oil and Gas Corporation v. Sheets* -- which held that an original plaintiff may not remove a counterclaim against it -- barred removal by a third-party counterclaim defendant. *Id.* The district court granted Jackson's Motion to Remand, and the Fourth Circuit affirmed. *Id.* The Supreme Court granted certiorari "to determine whether a third party named in a class-action counterclaim brought by the original defendant can remove if the claim otherwise satisfies the jurisdictional requirements of CAFA." *Id.* Further, the Court asked the parties to address whether *Shamrock Oil* should extend to third-party counterclaim defendants. *Id.* (citing *Shamrock Oil*, 313 U.S. at 100).

---

held that realignment was improper because "the 'principle purpose' for Citibank to file this suit was to collect Jackson's debt. On that issue that parties were properly aligned." *Id.* Further, the court stated:

> This is not a situation where there are antagonistic parties on the same side. Even if the parties were not properly aligned, a second consideration would weigh significantly against realignment. Prior to removal, Citibank dismissed its claim against Jackson *without prejudice*. In similar circumstances, courts have found that allowing realignment only to create federal jurisdiction would promote forum shopping. *See Chancellor's Leaning Sys., Inc. v. McCutchen*, 2008 WL 269535, at *3 (N.D. Ohio Jan 29, 2008) (explaining "[plaintiff] brought a breach of contact action in state court ... [defendant] answered and filed a counterclaim asserting a claim under a federal statute. Thereafter, [plaintiff] ma[de] a strategic decision to dismiss its complaint without prejudice and remove the action ... [that] claim has not been adjudicated and by dismissing without prejudice, [plaintiff] may intend to re-assert the claim as a counterclaim [or setoff] in federal court if removal is permitted ... the Court ... will not re-align the parties to enable [plaintiff] to forum shop."); *see also, Arrow*, 2011 WL 9158435 at *4; *General Credit Acceptance, Co. LLC v. Deaver*, 2013 WL 2420392 (E.D. Mo. June 3, 2013).

*Id.*

In addition to addressing the CAFA issues in the case, the Supreme Court also held "that a third-party counterclaim defendant is not a "defendant" who can remove under § 1441(a)." *Id.* at 1750. In reaching this conclusion, the Court stated "§ 1441(a) [] does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* at 1748. Further, the Court found that the use of the term "defendant" in related contexts bolstered its conclusion that "Congress did not intend for the phrase 'the defendant or the defendants' in §1441(a) to include third-party counterclaim defendants." *Id.* at 1748-49. For example, "the Federal Rules of Civil Procedure differentiate between third-party defendants, counterclaim defendants, and defendants." *Id.* at 1749. Finally, the Court held "that third-party counterclaim defendants are not 'the defendant or the defendants' who can remove under § 1441(a)." *Id.*

Here, Ocwen and Deutsche attempt to distinguish this case from *Home Depot* by arguing that their unique procedural posture warrants a different outcome. (Doc. # 21-1 at 4-5). However, the Court's plain language in *Home Depot* is unequivocal – third-party counterclaim defendants cannot remove cases to federal court. *Id.* at 1750. The presence (or lack of) original plaintiffs/counterclaim defendants does not change the rationale in *Home Depot*, nor does it necessitate a different outcome in this case. Although the arguments advanced by the Ocwen and Deutsche are creative, the court reminds the removing party of the well-worn principle that all doubts must be resolved in favor of remand. *See, e.g., University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Here, the court is bound by *Home Depot* and must remand this case.

In *Bettis v. Roundpoint Mortgage Company,* a similar situation was presented. No. 19-0699-WS-9, 2019 WL 6324537, at *1 (S.D. Ala. Nov. 26, 2019). A third-party counterclaim

9

defendant[8] sought realignment as an "original defendant" for purposes of removal under 28 U.S.C. § 1441(a). *Id*. RoundPoint Mortgage Company ("RoundPoint"), a third-party counterclaim defendant, filed a Notice of Removal, removing the case to federal court. *Id*. RoundPoint claimed the court had both diversity jurisdiction and federal question jurisdiction over the case. *Id.* The district court issued an order directing RoundPoint to "show cause why this action should not be remanded to Mobile County Circuit Court for lack of removal jurisdiction." *Id.* at *2. In its order, the court emphasized the Supreme Court's holding in *Home Depot*, "that a third-party counterclaim defendant is not a defendant' who can remove under § 1441(a)" and citing the well-established general principle that **"**if jurisdiction did not exist on September 19, 2019, when RoundPoint filed its Notice of Removal, then remand is mandatory irrespective of what transpires post-removal." *Id*. (citations and internal quotations omitted). Roundpoint argued that realignment of the parties was permissible under *Vestavia Hills*. *Id.* at *2.

> The district court disagreed and squarely rejected RoundPoint's argument because:
>
> [T]he "realignment" for which RoundPoint advocates in its memoranda is not a simple moving of a party from one side of the "v." in the caption to the other. Rather, it is a splitting of one case into two. RoundPoint is pinning its removal jurisdiction hopes on a contention that, at the time of removal, there were in actuality two cases. The first was an ejectment action between G Investments, as plaintiff, and Bettis and French, as defendants. The second was an action for errors and omissions in servicing a mortgage brought by Bettis and French, as plaintiffs, and RoundPoint (the mortgage servicer), as defendant. Because RoundPoint would have been appropriately classified as a "defendant" in the second action, it maintains that *Home Depot*'s prohibition on removal by counterclaim defendants does not bar removal jurisdiction here.

*Id.* at *3.[9]

---

[8] The district court referred to the claims asserted against RoundPoint as "counterclaims." *Bettis*, 2019 WL 6324537, at *2. However, the claims asserted by Bettis and French against RoundPoint actually appear to be third-party claims. *Id.*

[9] In *Bettis*, the district court also addressed RoundPoint's argument that "that *Home Depot*'s holding is very narrow and acts as a bar only when two factors are satisfied: (1) an additional defendant properly joined under Rule 13(h) (*i.e.*, a counterclaim asserted against the original plaintiff); and (2) the additional defendant removes under § 1441(a)."

10

After highlighting the factual and procedural distinctions between *Vestavia Hills* and the case at issue, the district court noted that RoundPoint was asking the court "to recognize a distinction from the Supreme Court's holding in *Home Depot* that no other court has apparently adopted before." *Id*. Further, the court stated "RoundPoint seeks to carve out an exception to the *Home Depot* holding for which it provides no persuasive reasoning and which would look past the sweeping rationale provided by the Supreme Court for the *Home Depot* rule." *Id*. Ultimately, the district court concluded that RoundPoint had failed to establish removal jurisdiction. *Id.* Because all doubts must be resolved in favor or remand, the district court remanded the case to the Circuit Court of Mobile County, Alabama, for further proceedings. *Id.*

This case is very similar to *Bettis*. Here, under the guise of realignment, Ocwen and Deutsche seek to circumvent the Supreme Court's holding in *Home Depot*, by asking the court to relabel them as "defendants" for purposes of §1441(a). This court agrees with the court in *Bettis*, this is an improper use of realignment. The Supreme Court was crystal clear in *Home Depot*—a "third-party counterclaim defendant is not a 'defendant' who can remove under "§1441(a)." 139 S. Ct. at 1750. So, realignment of the parties in this case simply will not do the magic Ocwen and Deutsche have attempted to conjure.

The court's analysis of Lumpkin and Russell's Motion to Remand begins and ends with the Supreme Court's recent holding in *Home Depot,* which squarely held "that [] third-party counterclaim defendant[s] [here Deutsche and Ocwen are] not [] 'defendant[s]' who can remove under § 1441(a)." 139 S. Ct. at 1750. Thus, Lumpkin and Russell's Motion to Remand (Doc. # 7) is due to be granted.

---

2019 WL 6324537, at *3. The court need not concern itself with this argument. Here, Ocwen and Deutsche were joined in the state court as third-party counterclaim defendants, and they are the ones who removed this action.

### III. Conclusion

For the reasons explained above, the Motion to Realign (Doc. # 21) filed by Ocwen and Deutsche, is due to be denied. The Motion to Remand (Doc. # 7) filed by Lumpkin and Russell, is due to be granted. An order consistent with this Memorandum Opinion will be entered contemporaneously.

**DONE** and **ORDERED** this March 10, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE